UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————

UNITED STATES OF AMERICA,

                              Plaintiff,

                                                              **DECISION AND ORDER**
              v.                                                 24-CR-162-A

DERREL LEMORN MOORE, JR.,
ALSO KNOWN AS DERREL AUSTIN,

                              Defendant.

———————————————————

      Defendant, Derrel Lemorn Moore, Jr., is charged in a four-count Indictment (Docket No. 23), returned December 17, 2024, charging possession with intent to distribute fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Count 1); possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count 2); possession of a firearm in furtherance of the drug trafficking charged in Counts 1 and 2, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 3); and felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8) (Count 4).  Each of the four charges arise from a parole search conducted at Defendant's residence, a second-floor apartment in Niagara Falls, New York, on February 17, 2022.[1]  Defendant was initially arrested and charged in the

---

[1] The search was conducted by parole officers with the assistance of the Niagara Falls Police Department, pursuant to an anti-gun violence initiative/program instituted by the Governor.  Defendant was selected as a target, seemingly, based upon the nature of his past convictions. *See* New York State Division of Criminal Justice Services, *Gun Involved Violence Elimination (GIVE) Initiative*,

City of Niagara Falls with one count of Criminal Possession of a Weapon in the Second Degree, in violation of New York State Penal Law § 265.03(3) (a Class C felony).  On October 4, 2024, the Federal Criminal Complaint was filed, and the State case was dismissed on October 21, 2024.

On October 29 and 31, 2024, Magistrate Judge Jeremiah J. McCarthy held a detention hearing, at which the U.S. Probation Office and the Government recommended that Defendant be detained pending trial, asserting there was no condition or combination of conditions to reasonably ensure Defendant's appearance in Court or the safety of the community.  Magistrate Judge McCarthy decided to release Defendant on conditions including home incarceration and location monitoring; a $40,000 signature bond from his wife, who is an attorney; and a $20,000 signature bond from his cousin, with whom he would be residing in Buffalo, New York until the impediments to him residing in Erie, Pennsylvania with his wife, were removed.[2]

---

https://www.criminaljustice.ny.gov/ops/gunviolencereduction/index.htm (last visited Nov. 14, 2025).

[2] Defendant is a lifetime parolee in New York State.  He is also required to register as a sex offender in New York State because one of his past convictions is an enumerated offense under the Sex Offender Registration Act.  *See* New York State Penal Law § 135.25 (first-degree kidnapping, a Class A-I felony); New York State Correction Law § 168-a(1) (providing that a "sex offender" is "any person who is convicted of any of the offenses set forth in subdivision two or three of this section"), (2)(a)(i) (clarifying that a "sex offense" is defined as, among other things, "a conviction of…135.25 of [the penal law] relating to kidnapping offenses, provided the victim of such kidnapping…is less than seventeen years old and the offender is not the parent of the victim[.]"

Magistrate Judge McCarthy's release order was stayed and the Government appealed said order.  District Judge John L. Sinatra, Jr.,[3] heard oral argument on the Government's bail appeal on November 13, 2024, and revoked Magistrate Judge McCarthy's release order and granted the Government's motion for detention pending trial.  Judge Sinatra determined that even though Defendant had introduced evidence to rebut the presumption of detention that Judge Sinatra found applied, upon weighing that evidence along with the factors under 18 U.S.C. § 3142(g) (*see* Dkt. No. 125, at pp. 41-46), the Government had established Defendant's danger to the community by clear and convincing evidence.  Judge Sinatra did not make a finding regarding whether the Government had proven by a preponderance of the evidence that Defendant is a flight risk.

On December 17, 2024, the four-count Indictment was returned, and this Court was assigned this case and entered a referral order (Dkt. No. 25) with respect to Magistrate Judge McCarthy's handling of certain pretrial matters.

On September 11, 2025, about ten months after Judge Sinatra revoked Magistrate Judge McCarthy's first release order, Defendant filed another motion before Magistrate Judge McCarthy asking for release, and/or to reopen the detention hearing.  Defendant claimed that a change of circumstances warranted his pretrial release, pursuant to 18 U.S.C. § 3142(f), which he insisted had a "material bearing" on the issue of whether conditions of release would reasonably assure his

---

[3] Because Defendant had not yet been indicted, the case had not been assigned to a district judge and was designated as 24-MJ-1185.  When the Government filed its bail appeal, Judge Sinatra handled that appeal under 24-MR-587.

appearance as required and/or the safety of any other person and the community.
Magistrate Judge McCarthy set a briefing schedule on the motion.  On September
24 and 25, 2025, Magistrate Judge McCarthy heard oral argument, and decided to
release Defendant on the same conditions previously imposed but with the condition
that Defendant's wife sign a $75,000 signature bond; and the condition that
Defendant's sister, with whom Defendant would be residing in Buffalo, New York
instead of his aunt, sign a $25,000 signature bond.  Magistrate Judge McCarthy
followed up with a Decision and Order (Dkt. No. 124) and stayed his release order to
afford the Government time to seek review by this Court.

On October 3, 2025, the Government did seek this Court's review of
Magistrate Judge McCarthy's release order, pursuant to 18 U.S.C. § 3145(a)(1) (Dkt.
No. 126).  The Court held a status conference on November 3, 2025, regarding the
Government's motion, and heard oral argument on November 12, 2025.

Preliminarily, the Court will address the propriety of Magistrate Judge
McCarthy's consideration of the September 11, 2025, motion by the Defense, an
issue which the Court *sua sponte* raised with the parties and directed them to brief
(*see* Dkt. Nos. 150, 153).

When the Indictment was returned, the Court entered a referral order (Dkt.
No. 25) designating Magistrate Judge McCarthy to handle "all pre-trial matters that a
Magistrate Judge *may hear and determine* pursuant to 28 U.S.C. Section
636(b)(1)(A)," and directing him to determine "[a]ll procedural aspects of matters
*properly before* the Magistrate Judge under this Order" (emphases added).

Defendant's motion to reopen the detention hearing should have been considered by this Court in the first instance, instead of being heard by the Magistrate Judge.  As the Fourth Circuit has noted, "the magistrate judge only has such authority as the district court delegates to him."  *United States v. O'Neil*, No. 08-4937, 352 F. App'x 859, 864 (4th Cir. Nov. 23, 2009).  Despite this Court's referral order, the Court did not delegate authority to Magistrate Judge McCarthy to review/reconsider District Judge Sinatra's order of detention.

This Court finds that the Magistrate Judge did not have jurisdiction to consider Defendant's September 11, 2025, release motion.  *See*, *e.g.*, *United States v. Cisneros*, 328 F.3d 610, 614 (10th Cir. 2003) ("By its terms, [18 U.S.C. § 3142(f)] applies to reconsideration of a detention or release order by the same judicial officer who entered the initial order…Revocation of a prior release order under § 3142(f) is available only when the review of a detention or release order is being conducted by the same judicial officer who entered the order and when new, material information is available."); *United States v. Cannon*, 711 F. Supp. 2d 602, 608 (E.D. Va. 2010) ("Nothing in the laws or rules governing the conduct of magistrate judges suggests that a magistrate judge has the power to review the decision of a district judge…Consistent with the hierarchy of decision-making authority established in the federal courts, a motion for revocation or amendment of a detention order under 18 U.S.C. § 3145(b) 'should be considered and ruled upon in the first instance by a district judge in the court of original jurisdiction.'"), quoting *Cisneros*, 328 F.3d at 615.

Any error in procedure, however, has no bearing on this Court's determination of Defendant's release status, as it has considered the issue *de novo*.  *See*

*Cisneros*, 328 F.3d at 616.  The Court has reviewed the entirety of the record relative to Defendant's release status, including all motion papers and the transcripts of proceedings held before Magistrate Judge McCarthy and District Judge Sinatra.[4]

There is a statutory presumption of detention in this case due to the offenses with which Defendant is charged and because he has been indicted on those charges.[5]  When a defendant introduces rebuttal evidence, the presumption does not disappear but continues to be weighed along with other factors.  The Court generally agrees with Judge Sinatra's well-reasoned analysis of the § 3142(g) factors, and his determination that there are no conditions or a combination of conditions that would reasonably assure the safety of the community should Defendant be released.  In his response papers on the instant Government motion, Defendant restates numerous arguments previously made before Judge Sinatra, which Judge Sinatra considered before ordering Defendant's detention.

The question now before this Court is whether Defendant has presented a set of new, "material" circumstances bearing on the issue of whether the danger posed

---

[4] *See* Dkt. Nos. 7, 13, 14, 15, 16, 17, 18, 72, 104-1, 110, 116, 119, 120, 124, 125, 131, 132, 137, 140, 142; *see also* 24-MR-587 (all filed documents, including Dkt. No. 13); Pretrial Services Report, prepared Oct. 29, 2024; U.S. Probation Office Memorandum, dated Sept. 15, 2025.

[5] Defendant is charged with offenses under the Controlled Substances Act for which the maximum term is ten years or more, as well as an offense under 18 U.S.C. § 924(c), which gives rise to the rebuttable presumption of detention, *i.e.*, that "no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of the community[.]"  18 U.S.C. § 3142(e)(3)(A)-(B).  A grand jury indictment alone, such as the one returned here, establishes probable cause to believe Defendant committed the charged offenses as required under § 3142(e)(3); no independent finding of probable cause by the Court is necessary.  *See United States v. Contreras*, 776 F.2d 51, 55 (2d Cir. 1985).

by Defendant can be adequately mitigated by a set of conditions of release, *see* 18 U.S.C. § 3142(f), to warrant reconsideration of Judge Sinatra's order of detention and alteration of his conclusion that Defendant should be detained pending trial. Upon its review of the record, including the sealed portions thereof, the Court concludes that while there has been a change of circumstances (as essentially acknowledged by the Government), Defendant has not met his burden of establishing that such change has a material bearing on his release. Moreover, in the Court's view the representations made in the Government's reply papers (Dkt. No. 137) strengthen the earlier determination that Defendant should not be released pending his trial.

Thus, the Court hereby GRANTS the Government's motion to revoke Magistrate Judge McCarthy's most recent release order,[6] and Defendant shall remain in pretrial detention for the reasons set forth in this Decision and Order.[7]

Also pending before the Court is Defendant's motion (Dkt. No. 141) for a temporary, 48-hour release from custody to visit his aunt who is terminally ill and who has recently been moved to hospice care. Title 18, United States Code §

---

[6] If Magistrate Judge McCarthy's release order is void (*see supra*, pp. 4-5 of this Decision and Order), however, the Court need not revoke said order as it had no legal effect to begin with.

[7] During oral argument on November 12, 2025, the Defense mentioned a due process concern as to the length of Defendant's pretrial detention. To date, Defendant has been detained for approximately 45 months since his arrest, although the Government has represented that "New York State Parole Officer David Festa has informed the government that the defendant served a sentence of approximately two years for a violation of parole related to this conduct" (Dkt. No. 116, p. 1), that is, as to the subject parole search. Moreover, Defendant has been detained federally for only 13 months.

3142(i) provides for temporary release after a detention order has been issued, upon a judge's determination that there is a "compelling reason" for such release. The Government opposes the motion (Dkt. No. 145), as does the U.S. Probation Office in a memorandum dated October 30, 2025. For the reasons set forth previously by Judge Sinatra, Defendant poses a danger to the community upon release, and the proposed conditions set forth by the Defense on November 12, 2025,[8] are not sufficient to reasonably assure the Court of the community's safety should Defendant be released. Given the logistical complexity of facilitating Defendant's request, as well as the danger he poses, Defendant's motion for temporary release is likewise DENIED.

**IT IS SO ORDERED.**


_s/Richard J. Arcara_____
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT


Dated:  November 14, 2025
        Buffalo, New York

---

[8] As the Court recalls, Defense counsel proposed a 48-hour release period, during which Defendant's sister would pick him up from jail; he would then appear at the office of the U.S. Marshals Service or wherever the Court directed him to appear; his sister would then transport him to a residence in Buffalo, New York, where his ill aunt would be staying; and he would spend the evening at another aunt's house. While these proposed conditions provide more specificity than what was set forth in Defendant's written motion, the Court finds they are not specific enough to address the Court's concerns about temporarily releasing Defendant. For example, Defendant does not address how he would be monitored during the 48 hours, how to transport him between his ill aunt's residence and his other aunt's house, or whether additional individuals would be visiting or residing with his family members at these locations.