UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



UNITED STATES OF AMERICA,

v.

24-CR-162 (JLS) (JJM)

DERREL LEMORN MOORE, JR, a/k/a
Derrel Austin,

          Defendant.

## DECISION AND ORDER

Defendant Derrel Lemorn Moore, Jr. a/k/a Derrel Austin is charged with various drug-related crimes in a four-count indictment returned on December 17, 2024. Dkt. 23. The case has been referred to United States Magistrate Judge Jeremiah J. McCarthy to hear and determine, and report and recommend on, all pre-trial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B). See Dkt. 25.

Before the Court are Defendant's pretrial motions filed on January 28, 2025. Dkt. 37, 38. In his omnibus motion (Dkt. 37), Defendant seeks: (1) suppression of evidence; (2) dismissal of the indictment pursuant to Rule 48(b); (3) dismissal of Count 3 of the indictment; (4) inspection of grand jury minutes; (5) dismissal of the indictment for violation of his right to due process; (6) costs for defense expenditures; (7) disclosure of *Brady* material; (8) pretrial notices under Fed. R. Evid. 408(b), 608 and 609; and (9) leave to file additional motions. See Dkt. 37. He also filed a separate motion to suppress. Dkt. 38. The Government opposed

Defendant's motions and cross-moved for reciprocal discovery. Dkt. 49. Defendant replied. Dkt. 63.

On October 24, 2025, Judge McCarthy issued a Report and Recommendation, (Dkt. 138) and a Report, Recommendation, and Order (Dkt. 139) (collectively, the "R&Rs") addressing the outstanding motions. He recommends that Defendant's "motions to suppress evidence and statements ([37], Point I), [38]) be denied." *See* Dkt. 138 at 7. He further recommends that Defendant's motions to dismiss be denied. *See* Dkt. 139 at 1-2. In addition, he denied Defendant's non-dispositive motions and granted the Government's cross motion for reciprocal discovery. *See id.*

Defendant objected to the R&Rs. Dkt. 154. Specifically, he objects to Judge McCarthy's:

- Alleged failure to address Defendant's challenge to being placed on the G.I.V.E. list to be searched;

- Finding that New York State Parole's seizure, dissemination, and use of Defendant's code to enter the building was lawful and furnishes no basis for suppression of evidence;

- Finding that probable cause existed to arrest Defendant and search his apartment;

- Finding that Defendant was not pressured or misled into participating in a custodial interview;

- Finding that the Government's delay in filing charges does not warrant dismissal pursuant to Rule 48(b);

- Recommendation that Count 3 of the indictment not be dismissed;

- Recommendation that the Court deny his motion to dismiss due to outrageous conduct/vindictive prosecution;

- Recommendation that Defendant's request for inspection of the Grand Jury minutes should be denied;[1] and

- Denial of his motion for *Brady* and *Giglio* materials.

*See* Dkt. 154. The Government opposed the objections, Dkt. 163, and Defendant replied. Dkt. 174.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). As for non-dispositive matters, the district judge reviews appeals of a magistrate judge's order under a clearly erroneous or contrary to law standard. Fed. R. Crim. P. 59(a).

This Court has reviewed the R&Rs, the objections briefing, and the relevant record. Based on that review, this Court accepts and adopts Judge McCarthy's

---

[1] Judge McCarthy issued an order as to this motion, not a recommendation. *See* Dkt. 139 at 17-18.

recommendations.[2] As such, Defendant's motions to suppress and to dismiss are

DENIED. The R&Rs are otherwise AFFIRMED.

SO ORDERED.

Dated:     February 2, 2026
           Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

---

[2] To the extent Judge McCarthy did not specifically address Defendant's placement on the G.I.V.E. list in the R&Rs—or otherwise consider the issue—this Court agrees with the Government's position on the issue. *See also* Dkt. 87.